■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BARRETT, Appellant.— Judgment unanimously affirmed. Memorandum: This is an appeal from a judgment of conviction upon a plea of guilty accepted on July 8, 1968 to the first count of an indictment charging defendant with assault, first degree. The second count, charging assault second degree upon another person, was dropped. Upon inquiry made by the court at the time of the plea defendant admitted that he understood the seriousness of the crime for which he could be sent to State's prison, that he had stabbed his girl friend with a knife and that he had discussed this with his attorney. Immediately after the plea was accepted, the District Attorney moved sentence and defendant waived the two-day waiting period. Before sentence was pronounced defendant stated he was 28 years of age, had no previous convictions and knew of no legal cause why sentence should not be pronounced. The District Attorney, " to keep the record straight ", said that he believed defendant had previously been convicted of assault, perhaps public intoxication and public disorder. The court asked the probation officer whether he had furnished him with a probation report. His reply was that he had not but that he would furnish one. Defendant was then sentenced to an indeterminate maximum term of five years. Immediately after sentence was pronounced the District Attorney informed the court that the identification record did not indicate any previous crime. Defendant now asks to have the conviction set aside and for permission to withdraw his plea upon the ground that he relied upon a statement made by his counsel to the effect that a deal had been made with the court that if he pleaded guilty to assault, first degree, the assault, second degree, charge would be dropped and his sentence would be less than five years; that the court should not have accepted his plea, (People v. Serrano, 15 N Y 2d 304) and that the court erred in imposing sentence before submission of a probation report. The unsupported contention by the defendant that his attorney had informed him that a deal had been made with the court for a sentence of less than five years is not sufficient to warrant setting aside the plea of guilty. (People v. Scott, 10 N Y 2d 380.) From the court's inquiries we are satisfied that there was a factual basis for the plea, which was made voluntarily after consultation with counsel, and that defendant understood the nature of the charge and the consequences of the plea. Accordingly, it was proper for the court to accept the plea. (People v. Nixon, 21 N Y 2d 338.) Although section 2188 of the Penal Law provides that no person shall be placed on probation or the execution of sentence be suspended without a probation report, a sentence may be imposed without such a report in the discretion of the court. (Code Crim. Pro., § 931.) In light of the minutes of the plea proceedings, we affirm the judgment of conviction. We desire to point out however that the District Attorney should not have suggested to the court before sentence was pronounced that the defendant might have been previously convicted of a crime without knowing that such was the case. This

impropriety does not warrant permitting defendant to withdraw his plea and setting aside the conviction however, since it is apparent from the court's remarks at the time of sentence that the sentence imposed was based upon the assumption that there had been no prior convictions. Furthermore, it was improper for the District Attorney to attach to his brief, dated April 17, 1969, a copy of an affidavit signed on April 16, 1969 by defendant's former attorney denying defendant's contentions on this appeal. This court is limited to the record made before the trial court. Matters contained in the brief, not properly presented by the record, are ordinarily not considered by an appellate court. (*People* v. *Hicks,* 287 N. Y. 165, 174.) (Appeal from judgment of Herkimer County Court convicting defendant of assault, first degree.) Present — Goldman, P. J., Del Vecchio, Witmer, Gabrielli and Bastow, JJ.